CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 AUG 25 PM 1:43
DEPUTY CLERK RAJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO. |
|---|---|
| v. | |
| WADE LAWRENCE | 3-15CR-374-M |

## FACTUAL RESUME

The defendant, Wade Lawrence, the defendant's attorney, Michael J. Uhl, and the United States of America (the government) agree as follows:

For the defendant to be guilty of Securities Fraud in violation of Title 15, United States Code, Section 77q(a) and 77(x), as alleged in the Information, the United States must prove each of the following beyond a reasonable doubt:

(1) That in connection with the offer or sale of the securities described in the Information, the defendant, did one or more of the following:

    (a)    employed a device, scheme, or artifice to defraud; or

    (b)    obtained money or property by means of an untrue statement of material fact or by omitting to state a material fact that was necessary in order to make the statements that were made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaged in a transaction, practice, or course of business that operated, or would operate, as a fraud or deceit upon the purchaser of the securities.

(2) That the defendant acted willfully, knowingly, and with intent to defraud; and

(3) That the defendant, in furtherance of the scheme used, or caused to be used, any means or instrumentalities of transportation or communication in interstate commerce, or the United States mail.

## STIPULATED FACTS

The parties agree that the following is a true statement of the facts relevant to the offense conduct of the defendant and that the United States would be prepared to submit evidence of the same:

1. From June 2008 through July 2011, the defendant was employed as a securities broker by Oppenheimer & Co. Inc., in Dallas, Texas and was active in conducting trades in his customer brokerage accounts. During 2010 and 2011, the defendant began to lose significant amounts of money, both in his clients' trading accounts and his individual trading account. In August 2011, the defendant moved to Southwest Securities in Dallas, Texas where his trading losses continued.

2. Beginning in January 2012 and continuing through September 2013, the defendant devised and engaged in a scheme and artifice to defraud to obtain funds from individuals, many of whom he had longstanding personal and business relationships and who trusted the defendant. The defendant solicited money by falsely offering for sale various investments, including real estate ventures and securities outside the brokerage accounts at Southwest Securities. The defendant offered interests in what he represented was a high risk investment in options on the Volatility Index on the Chicago Board Options Exchange ("VIX"). These interests are securities within the meaning of 15 U.S.C. § 78c(a)(10). In addition, the defendant also solicited funds from several individuals by falsely representing they would be invested in a duplex. He falsely represented to other investors that their money would be invested in various securities such as in Facebook and Southwest

Securities.

3. The defendant represented to investors that their investments would return anywhere from 20 to 100 percent, and that it was possible to double their investment. In each case, the defendant directed the investor to mail or wire transfer funds to his personal account at Wells Fargo Bank in Dallas, Texas, instead of an account at Southwest Securities. The defendant gave various explanations for this, such as, that he was trying to start his own VIX fund and he needed to establish a history for the fund.

4. In furthering the scheme, the defendant used means of communications in interstate commerce, including the United States mail, text messages, and emails. The defendant would text and transit emails to investors, some of whom resided outside the state of Texas, advising them of opportunities of property investments and the VIX. Further, the defendant would create fictitious account balances and transit them to the investors by way of text messaging. The defendant further caused investors to wire transfer funds in interstate commerce.

5. In truth and fact, the defendant only invested some of the investor's money as represented. The defendant spent several hundred thousand dollars of the proceeds for personal living expenses, including travel, mortgage payments on his residence at 3809 Northwest Parkway, Dallas Texas, and a $10,000 piece of jewelry. During the course of the scheme, the defendant partially repaid some of the investors with money he had obtained from other investors. In total, the defendant obtained approximately $2,124,000 from the artifice and scheme to defraud. The defendant returned approximately $581,034

**Factual Resume, Page 3.**

to some of the investors.

6.   As part of the scheme, on June 24, 2013, the defendant caused investor A.V. to wire transfer $25,000 that represented A.V.'s investment in the VIX from his account in Tulsa, Oklahoma to the defendant's bank account in Dallas, Texas.

AGREED TO AND SIGNED this 8 day of June, 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
Wade Lawrence
Defendant

_____
Michael J. Uhl
Counsel for the Defendant

_____
Christopher Stokes
Assistant United States Attorney
Texas State Bar No. 19267600
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Tel:   214.659.8676
Fax: 214.767.4104
christopher.stokes@usdoj.gov